UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
3:07 pm, Jun 03, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

-------------------------------------------------------------X

JOHN K. ARMSTRONG,

                Plaintiff,

    v.

ANNETTE SYLVESTRE, STEVE SYLVESTRE,
USA MILITARY, SHERYL JANSEN, PETE
JANSEN, JUDY RAMIREZ, JEFF RAMIREZ,
AND NICK RAMIREZ,

                Defendants.

**MEMORANDUM & ORDER**
CV 19-5378 (GRB)(RER)

-------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

On September 20, 2019, *pro se* plaintiff John K. Armstrong filed this *in forma pauperis* complaint, alleging, *inter alia*, "mother murdered father murdered myself murdered missing, stolen organs," along with other miscellaneous grievances. Compl. II, III, IV, Docket Entry ("DE") 1; IFP Mot., DE 2. For the reasons set forth herein, the complaint is *sua sponte* dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and leave to amend is denied as futile.

## BACKGROUND

Plaintiff's brief complaint sets forth as follows: Plaintiff alleges as basis for federal question jurisdiction, "murder by poison with immunity and cruel and unusual punishment[,]

1

spied on – Rico Act – Patriot Act Operation Hammer[1] – Stasi Police.[2]" Compl. II(A). His statement of claim alleges "$1.7 million in total for family murder. Targetting [sic], gang stalking, poisoning by sanctuary City of New York militarized stasi police, fake disease, double standard, Hypocrisy!" *Id.* at III. Finally, for relief, plaintiff seeks, "1.7 million in total – 1987-2011 – property damages 1994-2011 poisonings health insurance fraud. Mother murdered father murdered myself murdered missing, stolen organs my daughter cant [sic] have kids due to poison and missing stolen organs." *Id.* at IV.

## DISCUSSION

As Judge Bianco summarized,

A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, (1976)); *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis,* 618 F.3d at 170 (quoting *Harris v. City of New York,* 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum*

---

[1] "Operation Hammer" was an unsuccessful plan by the Los Angeles Police Department "to battle gang violence with mass arrests, frequent SWAT raids and mandatory curfews." One infamous police raid under Operation Hammer on August 1, 1988 is listed by the ABA Journal under "10 Police Raids Gone Wrong." *10 Police Raids Gone Wrong*, ABA JOURNAL, https://www.abajournal.com/gallery/warrior_cops/773 (last visited May 26, 2020).

[2] The Ministry of State Security or "Stasi" was the secret police of East Germany, which was founded in 1950. The organization was known for its "aggressive harshness and brutality," and "[i]ts methods ranged from physical violence to arbitrary arrests, from kidnappings in the West to conducting show trials and having the courts impose draconian sentences." *Introduction – Ministry for State Security*, FED. COMM'R FOR THE RECS. OF THE ST. SEC. SERV. OF THE FORMER GERMAN DEMOCRATIC REPUBLIC, https://www.bstu.de/en/the-stasi/introduction/ (last visited May 26, 2020).

> *Co.,* 621 F.3d 111, 123 (2d Cir.2010), *aff'd,* —— U.S. ——, 133 S. Ct. 1659, 185 L.Ed.2d 671 (2013) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.; accord Wilson v. Merrill Lynch & Co.,* 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly,* 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1–2 (E.D.N.Y. Dec. 31, 2014).

The Second Circuit has held that "[d]istrict courts should generally not dismiss a pro se complaint without permitting at least one opportunity to amend, but granting leave to amend is not necessary when it would be futile." *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see also Shipman v. Charles Schwab & Co.*, No. 14-CV-4568 (ENV)(LB), 2016 WL 11472831, at *7 (E.D.N.Y. Aug. 11, 2016) (citing *O'Neil v. Ponzi*, 394 F. App'x 795, 796-97 (2d Cir. 2010)) ("the court need not grant leave to amend 'where the substance of the claim pleaded is frivolous on its face.'"). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Lamb*, 698 F. App'x at 2 (citing *Neitzke*, 490 U.S. at 325).

As the Supreme Court explained, "federal district courts are all too familiar" with "clearly baseless" factual contentions, "a category encompassing allegations that are 'fanciful,' .

3

. . 'fantastic,' . . . and 'delusional.'" *Hernandez*, 504 U.S. at 32-33. The Court further described, "[a]s these words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33; *see also Lamb*, 698 F. App'x at 2 (citing *Hernandez*, 504 U.S. at 33).

Here, the complaint, even read with "special solicitude" due to *pro se* pleadings, can only be construed as falling within the ambit of the kind of pleading described in *Hernandez*. The allegations – to the extent they are comprehensible – appear to suggest that defendants engaged in the murder of plaintiff's parents and the plaintiff himself, theft of his and his daughter's organs, a decade long scheme in poisoning and health care fraud, and other societal ills such as Operation Hammer and the Stasi Police, are simply not cognizable. Compl. II, III, IV. Therefore, the statute requires that the complaint be dismissed as frivolous, and leave to amend be denied as futile.

## CONCLUSION

Based on the foregoing, the complaint is dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(i), and leave to amend is denied as futile. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff, and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       June 2, 2020

                                              /s/ Gary R. Brown
                                              GARY R. BROWN
                                              United States District Judge